UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE ALFARO,<br><br>         Plaintiff,<br><br>    v.<br><br>WILLIAM J. MCGUINNESS, et al.,<br><br>         Defendants. | Case No.: 1:12-cv-00568-LJO-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL RESPONSES TO DISCOVERY (ECF No. 25)<br><br>ORDER REQUIRING DEFENDANTS TO FILE A STATEMENT OF REASONABLE EXPENSES INCURRED WITHIN THIRTY DAYS AND REQUIRING PLAINTIFF TO FILE A RESPONSE WITHIN THIRTY DAYS THEREAFTER |

### I.     Background

Plaintiff Jesse Alfaro ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants McGuinness, Moon, Neubarth, John Doe and Jane Doe for deliberate indifference to serious medical needs in violation of the Eighth Amendment.  On February 18, 2014, Defendants McGuinness, Moon and Neubarth filed an answer to the complaint.  (ECF No. 18.)  On February 19, 2014, the Court issued a Discovery and Scheduling Order, which opened discovery in this matter and set the deadline to complete such discovery as October 19, 2014.  (ECF No. 20.)

1

On June 16, 2014, Defendants McGuinness, Moon and Neubarth filed the instant motion to compel Plaintiff to respond to their discovery requests and for sanctions. (ECF No. 25.) Plaintiff did not file an opposition and the motion is deemed submitted. Local Rule 230(l).

## II. Motion to Compel Discovery

On March 21, 2014, Defendants propounded the following discovery: (1) Defendant McGuinness's Special Interrogatories, Set One; (2) Defendant McGuinness's Request for Production of Documents, Set One; (3) Defendant Neubarth's Special Interrogatories, Set One; (4) Defendant Neubarth's Request for Production of Documents, Set One; (5) Defendant Moon's Special Interrogatories, Set One; and (6) Defendant Moon's Request for production of Documents, Set One. (Defs' Ex. 1.)

Plaintiff's responses were due by May 5, 2014. On May 13, 2014, defense counsel sent Plaintiff a meet-and-confer letter advising Plaintiff that if responses were not received by May 23, 2014, then Defendants would file a motion to compel. (Defs' Ex. 2.) Plaintiff did not submit responses. (ECF No. 25, p. 3; Lewis Dec. ¶ 5.)

Defendants now move to compel responses pursuant to Federal Rule of Civil Procedure 37. Rule 37 provides that a motion to compel may be filed when a party fails to answer interrogatories or fails to produce documents following a good faith attempt to confer in an effort to obtain a response. Fed. R.Civ. P. 37(a)(3)(B). Defendants also seek the imposition of sanctions in the amount of $1,390.00. Fed. R. Civ. P. 37(a)(5)(A).

### 1. Interrogatories

An interrogatory is a written question propounded by one party to another who must answer under oath and in writing. Interrogatories are limited to anything within the permissible scope of discovery, namely, any nonprivileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 33, 26(b)(1). The responding party is obligated to respond to the interrogatories to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made. Evans v. Tilton, 2010 WL 1136216, at *6 (E.D. Cal. Mar. 19, 2010).

As Plaintiff has failed to oppose the motion, he has presented no justification for the lack of response to Defendants' interrogatories. Accordingly, the Court will grant Defendants' motion to compel responses to their interrogatories. Plaintiff shall be required to answer the interrogatories separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3).

**2.      Requests for Production of Documents**

Defendants are entitled to discovery regarding any nonprivileged matter relevant to the claims and defenses in this action. Fed. R. Civ. P. 26(b)(1). In responding to requests for production, Plaintiff must produce documents or other tangible things which are in his "possession, custody, or control." Fed. R. Civ. P. 34(a). Responses must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons. Fed. R. Civ. P. 34(b)(2)(B).

Actual possession, custody or control is not required. "A party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity [that] is in possession of the document." Soto v. City of Concord, 162 F.R.D. 603, 619 (N.D. Cal.1995); see also Allen v. Woodford, 2007 WL 309945, at *2 (E.D. Cal. Jan. 30, 2007) ("Property is deemed within a party's 'possession, custody, or control' if the party has actual possession, custody, or control thereof or the legal right to obtain the property on demand.") (citation omitted).

Defendants move to compel responses to their requests for production of documents. In failing to oppose the motion, Plaintiff has not presented any basis for his lack of discovery responses. Accordingly, the Court will grant Defendants' motion to compel responses to their requests for production of documents. Plaintiff shall be required to provide documents responsive to Defendants' requests without objections. Fed. R. Civ. P. 34(b)(2)(B).

**III.     Motion for Expenses**

If a motion to compel is granted, the Court shall require the party whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion. Fed. R. Civ. P. 37(a)(5)(A) (quotation marks omitted). Before doing so, the Court must provide an opportunity to be heard and the Court shall not order

payment if circumstances make an award of expenses unjust. Fed. R. Civ .P. 37(a)(5) (quotation marks omitted).

In this case, Defendants request an order that Plaintiff pay sanctions in the amount of $1,390.00. (ECF No. 25, p. 5.) However, in the supporting declaration, defense counsel declares under penalty of perjury that he expended two hours preparing the motion at an hourly rate of $170.00 and that he is seeking a sanction in the total amount of $340.00. (ECF No. 25, Lewis Dec. ¶ 7.) Given the discrepancy between the moving papers and the supporting declaration, Defendants have thirty days from the date of service of this order within which to set forth, under penalty of perjury, the reasonable expenses incurred in making this motion and the total amount requested. Plaintiff shall have thirty days from the date of service of Defendants' statement to be heard regarding the payment of reasonable expenses.

### IV. Conclusion and Order

For the reasons stated, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to compel discovery responses, filed on June 16, 2014, is GRANTED;
2. Within thirty (30) days of the date of service of this order, Plaintiff shall serve responses to Defendants' interrogatories. Plaintiff must answer each interrogatory separately and fully in writing and under oath;
3. Within thirty (30) days of the date of service of this order, Plaintiff shall produce documents responsive to Defendants' requests for production of documents;
4. Within thirty (30) from the date of service of this order, Defendants shall set forth the reasonable expenses incurred in bringing the motion to compel on June 16, 2014; and
5. Plaintiff has thirty (30) days from the date of service of Defendants' statement within which to file a response regarding the requested expenses.

IT IS SO ORDERED.

Dated: **August 20, 2014**          /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE