# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE ALFARO,<br><br>    Plaintiff,<br><br>  v.<br><br>WILLIAM J. MCGUINNESS, et al.,<br><br>    Defendants. | 1:12-cv-00568-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DEFENDANTS' MOTION TO DISMISS AND AMENDED MOTION TO DISMISS (ECF Nos. 31, 32)<br><br>FOURTEEN-DAY DEADLINE |

**Findings and Recommendations**

**I.     Procedural History**

Plaintiff Jesse Alfaro ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 12, 2012. (ECF No. 1.) This action proceeds against Defendants McGuinness, Moon Neubarth, John Doe and Jane Doe for deliberate indifference to serious medical needs in violation of the Eighth Amendment.

On February 18, 2014, Defendants McGuinness, Moon and Neubarth filed an answer to the complaint. (ECF No. 18.) On February 19, 2014, the Court issued a Discovery and Scheduling Order. Pursuant to that order, the deadline to complete discovery expired on October 19, 2014, and the dispositive motion deadline expired on December 29, 2014. (ECF No. 20.)

On June 16, 2014, Defendants filed a motion to compel Plaintiff to submit responses to their discovery requests. Defendants asserted that Plaintiff had failed not only to respond to

interrogatories and requests for production of documents, but also failed to respond to Defendants' meet-and-confer letter.  (ECF No. 25.)  Plaintiff did not oppose the motion to compel and, on August 20, 2014, the Court granted the motion and directed Plaintiff to submit discovery responses.  (ECF No. 26.)  In a related order, the Court assessed Plaintiff the reasonable expenses incurred by Defendants in making the motion to compel.  Given Plaintiff's in forma pauperis status, however, the Court stayed the order pending a motion demonstrating that Plaintiff had the ability to pay the expenses.  (ECF No. 28.)

On November 19, 2014, Defendants requested that the Court re-open discovery for the limited purpose of taking Plaintiff's deposition.  Defendants also requested a corresponding extension of the dispositive motion deadline.  Defendants' request was based on Plaintiff's failure to respond to written discovery despite the Court's order and Plaintiff's failure to allow for the completion of his deposition.  (ECF No. 29.)  On December 10, 2014, the Court granted Defendants' request and re-opened discovery for sixty days for the sole purpose of completing Plaintiff's deposition.  The Court also extended the dispositive motion one-hundred twenty days.  (ECF No. 30.)

On March 12, 2015, Defendants McGuinness, Moon, and Neubarth filed a motion to dismiss Plaintiff's complaint for failure to prosecute and failure to comply with the Court's order.  (ECF No. 31.)  On April 8, 2015, Defendants filed an amended motion to dismiss to correct the concluding paragraph in their original motion to dismiss.  (ECF No. 32.)  On May 5, 2015, the Court ordered Defendants to file the exhibits supporting their motion to dismiss.  The Court also directed Defendants to submit a declaration identifying when the supporting exhibits were served on Plaintiff.  (ECF No. 33.)

On May 7, 2015, defense counsel filed a declaration, along with the supporting exhibits.  According to the declaration, exhibits supporting the motion to dismiss were served on Plaintiff on May 7, 2015.  (ECF No. 34.)

Plaintiff has not timely responded to the motions to dismiss or the exhibits.  The motions are deemed submitted.  Local Rule 230(l).

**II.     Defendants' Motion to Dismiss for Failure to Prosecute**

Defendants move to dismiss this action with prejudice for failure to prosecute and failure to obey a court order pursuant to Federal Rule of Civil Procedure 41(b).

**A.  Legal Standard – Involuntary Dismissal**

Federal Rule of Civil Procedure 41(b) provides that a defendant may move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b).  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g., Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Malone v. U.S. Postal Service, 833 F.2d 128, 130-33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (standards governing dismissal for failure to comply with court orders).  These factors guide a court in deciding what to do and are not conditions that must be met in order for a court to take action.  In re PPA, 460 F.3d at 1226 (citation omitted).

**B.  Discussion**

Defendants contend that this action should be dismissed because Plaintiff has failed to respond to Defendants' discovery requests and has refused to be deposed.  Defendants report that

despite the Court's order compelling Plaintiff's discovery responses, he has not responded to the special interrogatories and requests for production of documents. (ECF No. 31, Lewis Dec. ¶ 4.) Defendants also report that after the Court re-opened discovery for the limited purpose of deposing Plaintiff, they noticed Plaintiff's deposition for January 19, 2015, but Plaintiff failed to appear. (ECF No. 31, Lewis Dec. ¶ 5 and Ex. 2.) Defendants assert that Plaintiff's failure to cooperate with the discovery process warrants dismissal of this action.

The Court finds that the public's interest in expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. This action has been pending since April 2012 and can proceed no further without Plaintiff's cooperation in discovery and compliance with the Court's order. Moreover, the matter cannot simply remain idle on the Court's docket, unprosecuted, awaiting Plaintiff's compliance.

As for the risk of prejudice, while the mere pendency of an action does not constitute prejudice, the impairment of Defendants' ability to proceed to trial is prejudicial. Id. at 1227-28 (quotation marks omitted). Indeed, the failure to produce documents as ordered is considered sufficient prejudice. Id. at 1227.

Regarding the fourth factor, while public policy favors disposition on the merits and therefore weighs against dismissal, it is Plaintiff's own conduct which is at issue here and which has stalled the case. Id. at 1228.

Finally, there are no alternative sanctions which are satisfactory. A monetary sanction has little to no benefit in a case in which Plaintiff is proceeding in forma pauperis and has ceased responding to the Court's orders. Additionally, the preclusion of evidence or witnesses is not an available sanction given that Plaintiff has failed to participate in discovery and is not actively participating in this action.

### III. Conclusion and Recommendations

For the reasons set forth above, the Court HEREBY RECOMMENDS that Defendants' motions to dismiss be GRANTED.

///

Case 1:12-cv-00568-LJO-BAM   Document 35   Filed 06/04/15   Page 5 of 5

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **June 3, 2015**                           /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE